## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 02-cv-1781-ABJ-MJW

LUNDQUIST ASSOCIATES, INC.,

Plaintiff,

v.

GENERAL AMERICAN LIFE INSURANCE COMPANY,

Defendant.

---

### ORDER GRANTING IN PART PLAINTIFF'S BILL OF COSTS

---

The above-entitled matter comes before the Court on plaintiff Lundquist Associates, Inc.'s (Lundquist or the Plaintiff) Motion for Bill of Costs per D.C. Colo. L.Civ.R. 54.1.  The Court, having reviewed the motions and the materials filed in support thereof and in opposition thereto, and being otherwise fully advised in the premises, **FINDS** and **ORDERS** as follows:

#### Facts

Between March 15 2004 and March 18, 2004, the Court presided over a jury trial between the parties.  The Plaintiff posited three causes of action: (1) breach of contract; (2) bad faith rejection of an insurance claim; and (3) violation of the Colorado Consumer Protection Act (CCP).  The jury returned a verdict in favor of the Plaintiff on its breech of contract claim, and assessed damages in the

-1-

amount of $ 120,806.00, plus interest.  Notably, the jury returned verdicts for the Defendant on the bad faith claim, and the violation of the CCP. The Plaintiff has now moved under Fed.R.Civ.P. 54(d), and D.C.Colo.L.Civ.R. 54.1 for the award of costs.

### Standard of Review

Fed. R.Civ.P. 54(d)(1) provides in pertinent part: " Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs[.]"  Prevailing party for purposes of FRCP 54(d), is party in whose favor judgment is rendered, which traditionally means party who won at trial, whether or not that party prevailed on all issues, and regardless of amount of damages awarded. *See Green Constr. Co. v Kansas Power & Light Co.*,153 F.R.D. 670 (D. Kan. 1994) .

Allowance or disallowance of costs to prevailing party is within sound discretion of district court, but this discretion is limited in two ways; first, Fed.R.Civ.P. 54(d)(1) creates presumption that district court will award costs to prevailing party, and second, district court must provide valid reason for not awarding costs. *Zeran v Diamond Broad., Inc.*, 203 F.3d 714 (10th Cir. 2000).

### Discussion

The Plaintiff has submitted a bill of costs under D.C.Colo.L.Civ.R. 54.1, which claims $13,699.09 in costs.  The Plaintiff's claimed costs are as

follows:

| | |
|---|---|
| Fees of the clerk | $ 291.00 |
| Fees for service of summons and complaint | $ 30.00 |
| Fees for the court reporter | $ 4,602.70 |
| Fees for witnesses | $ 4,925.00 |
| Costs incident to taking of depositions | $ 710.00 |
| Other costs | $ 3,140.39 |
| Total | $ 13,699.09 |

The Defendant argues that the Plaintiff should bear its own costs. The
Defendant contends that the Plaintiff cannot be characterized as the prevailing
party, for purposes of Fed.R.Civ.P. 54(d)(1), because it did not prevail on all of its
claims–namely its bad faith claim, and its claims under the CCPA. Furthermore,
the Defendant argues that the Plaintiff should not recover expert witness fees for
Mr. Allen, because his testimony was aimed squarely at the bad faith claim, a
claim that the Plaintiff did not win.

The Defendant has taken a rather myopic view of what it takes to be
considered a prevailing party for the purposes of Fed.R.Civ.P. 54(d)(1). The
Supreme Court instructs that a prevailing party analysis is not whether the party
won a complete and total victory, but rather whether there has been a "material
alteration of the legal relationship of the parties[.]" *See Texas State Teachers Assn.*

*v. Garland Independent School District*, 489 U.S. 782, 792-93 (1989).  Moreover, a party can be characterized as having prevailed "if [that party] has succeeded on any significant issue in litigation which achieved some of the benefit . . . sought in bringing suit."  *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993), *quoting Garland*, 489 U.S. at 791-792.

Without a doubt the Plaintiff was indeed the prevailing party in this litigation.  The action was brought to recover the benefit under a life insurance policy, which the Defendant had refused to remit.  The jury awarded the Plaintiff the full value of the benefit.  This qualifies as material alteration of the relation ship between the parties.  Before the litigation the Defendant did not have a legal obligation to pay the Plaintiff, however, after the litigation and verdict, the Defendant did have a legal obligation to pay the Plaintiff.  It is not necessary, in determining who is the prevailing party, that the Plaintiff did not achieve a victory for all of its claims. Costs are generally awarded to successful party even if he is not awarded his entire claim. *See Thomas v SS Santa Mercedes*,  572 F2d 1331 (9th Cir. 1978); *see also United States v Mitchell*, 580 F.2d 789 (5th Cir. 1978)(holding that a party need not prevail on all issues to justify full award of costs).  Thus, we hold that the Plaintiff is the prevailing party in this litigation, and is entitled to costs.  We will now determine to what extent the Plaintiff should recover.

The Defendant argues that the Plaintiff should not recover the costs for its

expert witness, Garth Allen, because Mr. Allen's services were retained solely for his opinions regarding the bad faith claims.  The Plaintiff contends that Mr. Allen was retained to opine on all aspects of the case.  Furthermore, the Plaintiff asserts that "it is highly that Mr. Allen's testimony concerning the ambiguous and overbroad [*sic*] questions in the application [for the life insurance policy]...was critical to the jury in finding against [the] Defendant on its concealment defense."

To assert that Mr. Allen's testimony was critical to the jury's verdict would either require that the Plaintiff have been in the jury room, or possess clairvoyant power to discern what happened in the jury room without being present–the Plaintiff was neither in the jury room during deliberation, nor, to our knowledge, does the Plaintiff possess clairvoyant powers.  Therefore, we are not convinced that the Plaintiff should recover the total costs of Mr. Allen's services. However, we will allow the Plaintiff to recover one-third the costs for Mr. Allen's services, which works out to $1,625.25.

We further find that the Plaintiff's other costs are reasonable, and will award them in total pursuant to Fed.R.Civ.Pro. 54(d)(1). *See Testa v. Village of Mundelein*,  89 F.3d 443.  (7th Cir. 1996)(holding that district courts enjoy wide discretion in determining and awarding reasonable costs).

Therefore, and for the foregoing reasons it is

**ORDERED** that the Plaintiff is awarded $10,399.34 in costs pursuant to Fed.R.Civ.Pro. 54(d)(1).

Dated this <u>25th</u> day of July, 2005.

/s/ Alan B. Johnson
ALAN B. JOHNSON
UNITED STATES DISTRICT JUDGE
SITTING BY DESIGNATION